**STOLL, NUSSBAUM & POLAKOV**
ROBERT J. STOLL, JR, SBN 47173
ROBERT J. STOLL, III, SBN 236031
11601 Wilshire Boulevard, Suite 200
Los Angeles, California 90025
Telephone: 310.996.7500
Facsimile: 310.575.4353

Attorneys for Plaintiffs




**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MATT DIES, RAEONA DIES; THE ESTATE OF MALLORY DIES,

Plaintiffs,

v.

LOIS CAPPS, UNITED STATES OF AMERICA, RAYMOND MORUA and DOES 1 through 10, inclusive,

Defendants.


**Case No.** CV14-03027-MMM(FFMx)

**COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL ACTION DAMAGES SOUNDING IN THE FOLLOWING CAUSE OF ACTION:**

**1. NEGLIGENCE**
**2. PUNITIVE DAMAGES**

**DEMAND FOR JURY TRIAL**

**COME NOW** Plaintiffs, for Causes of Action against Defendants, and DOES 1 through 10, inclusive, and each of them, complain and allege as follows:

**GENERAL ALLEGATIONS**

1. This wrongful death and survival action arises from an auto vs. pedestrian accident which occurred on December 6, 2013, that caused the death of Mallory Dies.

2. The true names and capacities, whether individual, plural, corporate, partnership, associate, or otherwise, of DOES 1 through 10, inclusive, are unknown to Plaintiffs who therefore



STOLL, NUSSBAUM & POLAKOV APC
11601 Wilshire Boulevard, Suite 200
Los Angeles, California 90025
310.996.7500 phone • 310.575-4353 fax

sue said Defendants by such fictitious names. The full extent of the facts linking such fictitiously sued Defendants is unknown to Plaintiffs. Plaintiffs are informed and believe, and thereon allege, that each of the Defendants designated herein as a DOE was, and is, negligent, or in some other actionable manner, responsible for the events and happenings hereinafter referred to, and thereby negligently, or in some other actionable manner, legally and proximately caused the hereinafter described injuries and damages to Plaintiffs. Plaintiffs will hereafter seek leave of the Court to amend this Complaint to show the Defendants' true names and capacities after the same have been ascertained.

3. Plaintiffs are informed and believe, and thereon allege, that at all times mentioned herein, Defendants, and each of them, including DOES 1 through 10, inclusive, and each of them, were agents, servants, employees, successors in interest, and/or joint venturers of their co-Defendants, and were, as such, acting within the course, scope, and authority of said agency, employment, and/or venture, and that each and every Defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every other defendant as an agent, servant, employee, successor in interest, and/or joint venturer.

4. Plaintiff MATT DIES, natural father of decedent Mallory Dies, is, and at all times herein relevant was, a resident of the County of Santa Barbara, State of California.

5. Plaintiff RAEONA DIES, natural mother of decedent Mallory Dies, is, and at all times herein relevant was, a resident of the County of Santa Barbara, State of California.

6. Plaintiff THE ESTATE OF MALLORY DIES is represented by and through its Successor-In-Interest, MATT DIES, the natural father of decedent Mallory Dies, and as such, MATT DIES is decedent's Successor-in-Interest pursuant to California Code of Civil Procedure § 377.11. Plaintiff MATT DIES has executed and filed with this Complaint a declaration under penalty of perjury pursuant to California Code of Civil Procedure §377.32.

7. Plaintiffs are informed and believe, and thereon allege, that Defendant UNITED STATES OF AMERICA, (hereafter "U.S.A.") is, and at all times herein relevant was, a governmental entity authorized to do, and that has regularly done, and is doing, government

STOLL, NUSSBAUM & POLAKOV APC
11601 Wilshire Boulevard, Suite 200
Los Angeles, California 90025
310.996.7500 phone • 310.575-4353 fax

STOLL, NUSSBAUM & POLAKOV APC
11601 Wilshire Boulevard, Suite 200
Los Angeles, California 90025
310.996.7500 phone • 310.575-4353 fax

business within the County of Santa Barbara, in the State of California, and has systematically conducted government business on a regular basis in the State of California, under and by virtue of the laws of the State of California.

8. Plaintiffs are informed and believe, and thereon allege, that Defendant LOIS CAPPS is, and at all times herein relevant was, a representative in the United States House of Representatives authorized to do, and that has regularly done, and is doing, government business within the County of Santa Barbara, in the State of California, and has systematically conducted business on a regular basis in the State of California, under and by virtue of the laws of the State of California.

9. Plaintiffs are informed and believe, and thereon allege, that at all times herein relevant, Defendants, LOIS CAPPS, RAYMOND MORUA , and U.S.A. and each of them, and Does 1-10, owned, leased, managed, maintained, repaired, entrusted, controlled, required, used for government business, and operated a certain red Dodge Caliber (hereafter collectively referred to as "SUBJECT AUTO").

10. Plaintiffs are informed and believe, and thereon allege, that at all times herein relevant, Defendant RAYMOND MORUA, who operated the required SUBJECT AUTO, was a resident of Santa Barbara County, State of California.

11. Plaintiffs are informed and believe, and thereon allege, that all Defendants and Does 1-10, hired and retained Defendant RAYMOND MORUA as an employee to drive required vehicles with the knowledge that Defendant RAYMOND MORUA is, and all times relevant was, an individual with a long and publicly known history of alcohol and drug abuse, and a well-documented public history of operating automobiles while under the influence of drugs and alcohol (hereafter "SUBJECT DANGEROUS TENDENCIES"). Plaintiffs are further informed and believe, and thereon allege, that all Defendants, and Does 1-10, hired and retained Defendant RAYMOND MORUA with the knowledge that in addition to his SUBJECT DANGEROUS TENDENCIES, all Defendants, and Does 1-10, also had knowledge that: (1) Defendant RAYMOND MORUA was not qualified, trained or experienced to safely drive a vehicle such as

the required SUBJECT AUTO as part of his work duties; (2) Defendant RAYMOND MORUA had a common practice of driving without due care, and specifically, that he had a past driving history that included numerous prior Vehicle Code violations and convictions as well as having caused multiple prior vehicle collisions, some of which were caused by Defendant RAYMOND MORUA'S SUBJECT DANGEROUS TENDENCIES. Plaintiffs are further informed and believe, and thereon allege, that all Defendants, and Does 1-10, knew that because of Defendant RAYMOND MORUA'S SUBJECT DANGEROUS TENDENCIES, he could not safely drive any motor vehicle. Plaintiffs are further informed and believe, that despite such knowledge, all Defendants, and Does 1-10, still hired and retained Defendant RAYMOND MORUA to perform job duties that included driving the required SUBJECT AUTO.

12. Plaintiffs are further informed and believe, and thereon allege, that: (1) all Defendants, and Does 1-10, took no action to ensure that Defendant RAYMOND MORUA was properly monitored or supervised while performing his job duties driving the required SUBJECT AUTO on public highways; (2) all Defendants, and Does 1-10, took no action to provide any form of supervision over Defendant RAYMOND MORUA to ensure he was abstaining from drug and alcohol use or to ensure he was continually fit to drive the required SUBJECT AUTO on public highways; (3) all Defendants, and Does 1-10, took no action to provide any form of supervision over Defendant RAYMOND MORUA in the event of his SUBJECT DANGEROUS TENDENCIES occurring while he was driving the required SUBJECT AUTO. Said acts or omissions by all Defendants, and Does 1-10, were performed negligently, recklessly and with conscious disregard for human safety in the pursuit of profit and political advantage.

13. Plaintiffs are informed and believe, and thereon allege, that all Defendants, and Does 1-10, had full knowledge of the dangers associated with employing a person with Defendant RAYMOND MORUA'S SUBJECT DANGEROUS TENDENCIES as well as said past driving history and then allowing him to drive government required vehicles on public highways, so to cause severe injury or death to members of the public. Despite such knowledge, all Defendants, and Does 1-10, knowingly and recklessly permitted Defendant RAYMOND MORUA to continue

STOLL, NUSSBAUM & POLAKOV APC
11601 Wilshire Boulevard, Suite 200
Los Angeles, California 90025
310.996.7500 phone • 310.575-4353 fax

driving the required SUBJECT AUTO during his employment, and continued engaging in such misconduct in a willful and conscious disregard for the rights and safety of the public in the interest of gaining financial profit for a substantial period of time.

14. Plaintiffs are informed and believe, and thereon allege, that when considering Defendant RAYMOND MORUA'S SUBJECT DANGEROUS TENDENCIES, said past driving history and said use of drugs and/or alcohol, it was highly foreseeable to any reasonable person or entity that Defendant RAYMOND MORUA would cause a serious vehicle collision with the required SUBJECT AUTO resulting in serious injury or death to members of the public. Despite the foregoing, the Defendants, and each of them, allowed, supported and ratified RAYMOND MORUA'S misconduct.

15. On or about December 6, 2013, Defendant RAYMOND MORUA was operating the required SUBJECT AUTO in the course and scope of his employment for all Defendants, and Does 1-10. Defendant RAYMOND MORUA drove the required SUBJECT AUTO on Anacapa Street in Santa Barbara, California. Defendant RAYMOND MORUA negligently, recklessly, and in conscious disregard for human safety, drove the required SUBJECT AUTO into the decedent Mallory Dies causing catastrophic injuries that ultimately led to her death (hereafter "SUBJECT INCIDENT").

**FIRST CAUSE OF ACTION**

**(Negligence by All Plaintiffs, and Survival Action by THE ESTATE OF MALLORY DIES, by and through its personal representative and successor-in-interest MATT DIES, As against All Defendants)**

16. Plaintiffs re-allege and incorporate herein by reference each and every allegation and statement contained in the prior paragraphs.

17. Plaintiffs are informed and believe, and thereon allege, that all times relevant herein, all Defendants, and DOES 1 through 10, inclusive, and each of them, owed a duty of care to all reasonably foreseeable people, including decedent Mallory Dies and Plaintiffs, to own, lease, manage, maintain, control, entrust, and operate the required SUBJECT AUTO in a reasonable



STOLL, NUSSBAUM & POLAKOV APC
11601 Wilshire Boulevard, Suite 200
Los Angeles, California 90025
310.996.7500 phone • 310.575-4353 fax

manner.

18. Plaintiffs are informed and believe, and thereon allege, that at all times mentioned herein, Defendants, and each of them, negligently, recklessly and with conscious disregard for human safety, owned, leased, managed, maintained, entrusted, controlled and operated the required SUBJECT AUTO so as to legally and proximately cause the same to collide with the decedent Mallory Dies, resulting in fatal injuries.

19. Plaintiffs are informed and believe, and thereon allege, Defendants, and each of them, inclusive, said careless, negligent, reckless, willful, and unlawful conduct in regards to the ownership, control, entrustment, management, maintenance and operation of the required SUBJECT AUTO was the direct, legal and proximate cause of the fatal injuries to decedent Mallory Dies and damages to Plaintiffs as herein alleged.

20. Plaintiffs are informed and believe, and thereon allege, Defendant RAYMOND MORUA, was also per se negligent for operating the required SUBJECT AUTO in violation of, including, but not limited to, Vehicle Code § 23152. Plaintiffs are further informed and believe, and thereon allege, that at all times herein mentioned, decedent Mallory Dies was in the class of people the aforementioned Vehicle Code section and other statutes were meant to protect and decedent Mallory Dies suffered the type of injuries the aforementioned vehicle code section and other statutes were meant to prevent. Plaintiffs are further informed and believe, and thereon allege, that said violation of Vehicle Code § 23152 and other statutes were the legal and proximate cause of the injuries and damages complained of herein. On April 15, 2014, defendant MORUA pleaded guilty to multiple criminal offenses that caused the death of Mallory Dies.

21. The aforementioned subject incident that gave rise to this lawsuit which occurred at approximately 12:05 a.m. on December 6, 2013, caused decedent Mallory Dies to suffer traumatic injuries. As a legal, direct and proximate result of the conduct of all Defendants, and DOES 1 through 10, and each of them, decedent Mallory Dies suffered pre-death physical injuries, mental anguish, terror, anxiety, unconsciousness, and ultimately death.

22. As a legal, direct and proximate result of said wrongful conduct by all Defendants,

STOLL, NUSSBAUM & POLAKOV APC
11601 Wilshire Boulevard, Suite 200
Los Angeles, California 90025
310.996.7500 phone • 310.575-4353 fax

and DOES 1 through 10, and each of them, Plaintiffs, MATT DIES, RAEONA DIES and THE ESTATE OF MALLORY DIES, by and through its personal representative and successor-in-interest, MATT DIES, will all be deprived of the love, comfort, support, society, financial support, and assistance of decedent Mallory Dies, the exact amount of such losses to be stated according to proof, pursuant to Section 425.10 of the California Code of Civil Procedure.

23. As a legal, direct and proximate result of said wrongful conduct by All Defendants, and DOES 1 through 10, and each of them, as aforesaid, Plaintiffs, MATT DIES, THE ESTATE OF MALLORY DIES, by and through its personal representative and successor-in-interest MATT DIES, have incurred property, medical, funeral and burial expenses in an amount to be stated according to proof, pursuant to Section 425.10 of the California Code of Civil Procedure.

24. As a legal, direct and proximate result of said wrongful conduct by all Defendants, and DOES 1 through 10, and each of them, decedent Mallory Dies was compelled to, and did, employ the services of hospitals, physicians, surgeons, nurses, and the like, to care for and treat her, the exact amount of such losses to be stated according to proof, pursuant to Section 425.10 of the California Code of Civil Procedure.

25. As a legal, direct and proximate result of said wrongful conduct by all Defendants, and DOES 1 through 10, and each of them, decedent Mallory Dies suffered lost earning and property damages, the exact amount of such losses to be stated according to proof, pursuant to Section 425.10 of the California Code of Civil Procedure.

26. Plaintiffs are informed and believe, and thereon allege, that Defendants LOIS CAPPS and DOES 1 through 10, and each of them, engaged in said wrongful conduct with a conscious disregard of the dangers such misconduct would and did create for the rights and safety of the public, including decedent Mallory Dies. Plaintiffs are further informed and believe, and thereon allege, that long before the date of the SUBJECT INCIDENT on December 6, 2013, said Defendants acted with malice in that they engaged in despicable conduct in conscious disregard of the rights, safety, and welfare of decedent Mallory Dies and Plaintiffs by reason of, including but not limited to, knowingly and recklessly:

STOLL, NUSSBAUM & POLAKOV APC
11601 Wilshire Boulevard, Suite 200
Los Angeles, California 90025
310.996.7500 phone • 310.575-4353 fax

(a) hiring Defendant RAYMOND MORUA to drive the required SUBJECT AUTO as an employee despite lacking the proper training or experience necessary to safely drive such a vehicle;

(b) entrusting the required SUBJECT AUTO to Defendant RAYMOND MORUA despite knowing he was not qualified, trained or experienced to safely drive such a vehicle;

(c) allowing Defendant RAYMOND MORUA, despite knowing he had a common practice of driving the required SUBJECT AUTO without due care, and specifically, to drive the required SUBJECT AUTO beyond the legal speed limit and in excess of speeds reasonable for the circumstances thereby endangering the safety of the public;

(d) allowing Defendant RAYMOND MORUA to continue driving the required SUBJECT AUTO despite knowing he had numerous prior Vehicle Code violations and/or convictions as well as having caused recent prior traffic collisions in the required SUBJECT AUTO or other similar vehicles;

(e) hiring Defendant RAYMOND MORUA to drive the required SUBJECT AUTO knowing he is an alcoholic and drug abuser with SUBJECT DANGEROUS TENDENCIES and said driving history;

(f) failing to act despite being informed for a substantial period of time prior to the date of the SUBJECT INCIDENT that Defendant RAYMOND MORUA was consuming drugs and alcohol while in the course and scope of his employment;

(g) authorizing Defendant RAYMOND MORUA to continue driving the required SUBJECT AUTO on the public highways despite having knowledge of Defendant RAYMOND MORUA'S SUBJECT DANGEROUS TENDENCIES and said driving history;

(h) taking no action to ensure that Defendant RAYMOND MORUA was properly monitored or supervised while performing his job duties driving the required

STOLL, NUSSBAUM & POLAKOV APC
11601 Wilshire Boulevard, Suite 200
Los Angeles, California 90025
310.996.7500 phone • 310.575-4353 fax

SUBJECT AUTO on public highways;

(i) taking no action to provide any form of supervision over Defendant RAYMOND MORUA in the event of his SUBJECT DANGEROUS TENDENCIES occurring while he was driving the required SUBJECT AUTO;

(j) following the INCIDENT, all Defendants, and DOES 1 through 10, and each of them, conspired to conceal defendant RAYMOND MORUA'S condition of intoxication at the time of the INCIDENT. Defendants intentionally violated government policies and procedures in furtherance of the conspiracy to cover up RAYMOND MORUA'S condition of intoxication with drugs, alcohol, and sleep deprivation.

27. Defendants, and each of them, had prior knowledge of the dangers and risks that such misconduct would and did create, including causing serious injury or death to members of the public. Defendants LOIS CAPPS and DOES 1 through 10 further had full knowledge of the dangers associated with employing a person with Defendant RAYMOND MORUA'S SUBJECT DANGEROUS TENDENCIES as well as RAYMOND MORUA'S past driving history and then allowing him to drive company vehicles on public highways, such as causing severe injury or death to members of the public. Despite such knowledge, Defendants LOIS CAPPS and DOES 1 through 10 knowingly and recklessly permitted Defendant RAYMOND MORUA to continue driving the required SUBJECT AUTO during his employment, and continued engaging in such misconduct in a willful and conscious disregard for the rights and safety of the public in the interests of gaining financial profit and political power votes. Considering Defendant RAYMOND MORUA'S SUBJECT DANGEROUS TENDENCIES, his driving history, it was highly foreseeable to any reasonable person or entity that Defendant RAYMOND MORUA would cause a serious vehicle collision with the required SUBJECT AUTO resulting in serious injury or death to members of the public. Despite such knowledge and such understanding, said Defendants knowingly and recklessly authorized and required Defendant RAYMOND MORUA to continue driving the required SUBJECT AUTO during his employment, and to continue engaging in such

STOLL, NUSSBAUM & POLAKOV APC
11601 Wilshire Boulevard, Suite 200
Los Angeles, California 90025
310.996.7500 phone • 310.575-4353 fax

misconduct in a willful and conscious disregard for the rights and safety of others, including decedent Mallory Dies and Plaintiffs. Said Defendants knowingly and recklessly engaged in these actions and omissions in the pursuit of financial and political profit while using public highways in conscious disregard for public safety. Said Defendants were on actual and constructive notice of the dangers said acts created to the public, and Defendants had the power to make changes that would eliminate such dangers to the public, but said Defendants, and each of them, failed to take any corrective measures in conscious disregard for public safety. Said misconduct by Defendants, and each of them, by knowingly or recklessly creating said substantial risk and high probability of injury or death was oppressive, despicable, highly reprehensible and done in the conscious disregard for the rights and safety of the public, including decedent Mallory Dies and the Plaintiffs. Said acts and omissions were ratified by managerial and elected employees of Defendants, and DOES 1 through 10, inclusive, and were carried out with the consent of the officers, directors, and/or managing agents and elected officials of Defendants, and DOES 1 through 10, inclusive. As such, the imposition of punitive damages against that Defendants LOIS CAPPS, RAYMOND MORUA, and DOES 1 through 10, inclusive, and each of them, is appropriate.

28. Plaintiffs are informed and believe, and thereon allege, that at all times mentioned herein, Defendant RAYMOND MORUA was acting within the course and scope of his duties for his employer, all Defendants, and DOES 1 through 10, inclusive.

29. Plaintiffs are informed and believe, and thereon allege, that at all times mentioned herein, all Defendants, and DOES 1 through 10, inclusive, and each of them, were negligent in the hiring and retention of Defendant RAYMOND MORUA in that all Defendants, and DOES 1 through 10, inclusive, and each of them, knew or should have known that Defendant RAYMOND MORUA was unfit for the specific tasks to be performed during the course of his employment, namely the general safe operation of the required SUBJECT AUTO during his work for Defendants, and DOES 1 through 10, inclusive, and each of them.

30. Plaintiffs are informed and believe, and thereon allege, that at all times mentioned

STOLL, NUSSBAUM & POLAKOV APC
11601 Wilshire Boulevard, Suite 200
Los Angeles, California 90025
310.996.7500 phone • 310.575-4353 fax

herein, all Defendants, and DOES 1 through 10, inclusive, and each of them, were negligent or reckless by failing to provide any or sufficient training or supervision to Defendant RAYMOND MORUA after hiring him, and retained Defendant RAYMOND MORUA as an employee for job performance which included driving motor vehicles such as the required SUBJECT AUTO for Defendants, and DOES 1 through 10, inclusive

31. Plaintiffs are informed and believe, and thereon allege that at all times herein relevant, All Defendants, and DOES 1 through 10, inclusive, and each of them, owed a duty of care to the public, including decedent Mallory Dies and Plaintiffs, in the hiring, retention, training and supervision of their agents, employees, servants, and/or independent contractors, which they assigned to operate motor vehicles such as the required SUBJECT AUTO.

32. Plaintiffs are informed and believe, and thereon allege, that at all times mentioned herein, Defendants, and DOES 1 through 10, inclusive, and each of them, failed to act reasonably in the hiring, retention, training, and supervision of their agents, employees, servants and/or independent contractors which they assigned to operator motor vehicles such as the required SUBJECT AUTO, including Defendant RAYMOND MORUA.

33. Plaintiffs are informed and believe, and thereon allege, that the aforementioned negligent hiring, retention, training, and supervision of Defendant RAYMOND MORUA by Defendants, and DOES 1 through 10, inclusive, and each of them, directly, legally and proximately caused or contributed to causing the SUBJECT INCIDENT involving the required SUBJECT AUTO violently colliding with decedent Mallory Dies, thereby causing the injuries and damages complained of herein.

34. As a legal, direct and proximate result of said wrongful conduct by Defendants, and DOES 1 through 10, inclusive, and each of them, Plaintiffs MATT DIES, RAEONA DIES; THE ESTATE OF MALLORY DIES, by and through its personal representative and successor-in-interest MATT DIES, will all be deprived of the financial support and assistance of decedent Mallory Dies, the exact amount of such losses to be stated according to proof, pursuant to Section 425.10 of the California Code of Civil Procedure.

STOLL, NUSSBAUM & POLAKOV APC
11601 Wilshire Boulevard, Suite 200
Los Angeles, California 90025
310.996.7500 phone • 310.575-4353 fax

STOLL, NUSSBAUM & POLAKOV APC
11601 Wilshire Boulevard, Suite 200
Los Angeles, California 90025
310.996.7500 phone • 310.575-4353 fax

**PRAYER FOR DAMAGES**

WHEREFORE, Plaintiffs, MATT DIES, RAEONA DIES; THE ESTATE OF MALLORY DIES , by and through its personal representative and successor-in-interest MATT DIES, pray judgment against Defendants, and DOES 1 through 10, inclusive, and each of them, as follows:

1. For general damages and the loss of the love, comfort, society, and support suffered by Plaintiffs, MATT DIES and RAEONA DIES, according to proof;
2. For economic damages suffered by Plaintiffs, MATT DIES and RAEONA DIES, according to proof;
3. For funeral and burial expenses suffered by Plaintiffs, MATT DIES and RAEONA DIES, according to proof;
4. For hospital, medical, professional and incidental expenses suffered by Plaintiffs, MATT DIES, RAEONA DIES, THE ESTATE OF MALLORY DIES, by and through its personal representative and successor-in-interest MATT DIES, according to proof.
5. For loss of personal property and income suffered by Plaintiffs, MATT DIES, RAEONA DIES, THE ESTATE OF MALLORY DIES, by and through its personal representative and successor-in-interest MATT DIES, according to proof;
6. For loss of inheritance suffered by Plaintiffs MATT DIES, RAEONA DIES, according to proof;
7. For damages for other economic losses suffered by Plaintiffs, MATT DIES, RAEONA DIES, THE ESTATE OF MALLORY DIES, by and through its personal representative and successor-in-interest MATT DIES, according to proof;
9. For prejudgment interest, pre-trial interest, according to proof;
10. For punitive damages against Defendants LOIS CAPPS and RAYMOND MORUA,
11. For such other and further relief as this Court may deem just and proper.

STOLL, NUSSBAUM & POLAKOV APC
11601 Wilshire Boulevard, Suite 200
Los Angeles, California 90025
310.996.7500 phone • 310.575-4353 fax

**DEMAND FOR TRIAL BY JURY**

Plaintiffs, MATT DIES, RAEONA DIES, THE ESTATE OF MALLORY DIES, by and through its personal representative and successor-in-interest MATT DIES, hereby demand a trial by jury as to all Causes of Action

Dated: April 15, 2014

STOLL, NUSSBAUM & POLAKOV
A Professional Corporation

By: ______________________
ROBERT J. STOLL, JR.
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge Margaret M. Morrow and to Magistrate Judge Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

**2:14-cv-03027-MMM(FFMx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the assigned Magistrate Judge has been designated to hear discovery-related motions. All discovery-related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

April 21, 2014
Date

By APEDRO
Deputy Clerk

---

### ATTENTION

*A copy of this Notice must be served on all parties served with the Summons and Complaint (or, in cases removed from state court, on all parties served with the Notice of Removal) by the party who filed the Complaint (or Notice of Removal).*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

MATT DIES, RAEONA DIES;
THE ESTATE OF MALLORY DIES,

*Plaintiff(s)*

v.

LOIS CAPPS, UNITED STATES OF AMERICA, RAYMOND MORUA and DOES 1 through 10, inclusive,

*Defendant(s)*

Civil Action No. CV14-03027 - MMM(FFMx)

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* LOIS CAPPS, UNITED STATES OF AMERICA,
RAYMOND MORUA and DOES 1 through 10

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: STOLL, NUSSBAUM & POLAKOV, APC
Robert J. Stoll, Jr.
11601 Wilshire Blvd., Suite 200
Los Angeles, CA 90025

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: APR 2 1 2014

ANDRES PEDRO

*Signature of Clerk or Deputy Clerk*

1202

Civil Action No.

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________________
was received by me on *(date)* ____________________ .

❐ I personally served the summons on the individual at *(place)* ______________________________
______________________________ on *(date)* ____________________ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* ____________________
______________________________ , a person of suitable age and discretion who resides there,
on *(date)* ____________________ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* ______________________________ , who is
designated by law to accept service of process on behalf of *(name of organization)* ____________________
______________________________ on *(date)* ____________________ ; or

❐ I returned the summons unexecuted because ______________________________ ; or

❐ Other *(specify)*:

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself [X] )

MATT DIES, RAEONA DIES; THE ESTATE OF MALLORY DIES,

**DEFENDANTS** ( Check box if you are representing yourself [ ] )

LOIS CAPPS, UNITED STATES OF AMERICA, RAYMOND MORUA AND DOES 1 THROUGH 100, INCLUSIVE

(b) County of Residence of First Listed Plaintiff SANTA BARBARA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant SANTA BARBARA
*(IN U.S. PLAINTIFF CASES ONLY)*

(c) Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.
STOLL, NUSSBAUM & POLAKOV, APC
ROBERT J. STOLL, JR. SB#47173
11601 WILSHIRE BLVD., SUITE 200
LOS ANGELES, CA 90025 (310) 996-7500

Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

[ ] 1. U.S. Government Plaintiff
[ ] 3. Federal Question (U.S. Government Not a Party)
[X] 2. U.S. Government Defendant
[ ] 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [X] 1 | Incorporated or Principal Place of Business in this State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [X] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. ORIGIN** (Place an X in one box only.)

[X] 1. Original Proceeding
[ ] 2. Removed from State Court
[ ] 3. Remanded from Appellate Court
[ ] 4. Reinstated or Reopened
[ ] 5. Transferred from Another District (Specify)
[ ] 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** [X] Yes [ ] No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** [ ] Yes [X] No [X] **MONEY DEMANDED IN COMPLAINT:** $ 15,000,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
COMPLAINT FOR INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS; INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS AND DECLARATORY RELIEF; AND DEMAND FOR JURY TRIAL

**VII. NATURE OF SUIT** (Place an X in one box only).

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce/ICC Rates/Etc.
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced & Corrupt Org.
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Info. Act
- [ ] 896 Arbitration
- [ ] 899 Admin. Procedures Act/Review of Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loan (Excl. Vet.)
- [ ] 153 Recovery of Overpayment of Vet. Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment

**REAL PROPERTY CONT.**
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Fed. Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [X] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury-Med Malpratice
- [ ] 365 Personal Injury-Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**TORTS PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 American with Disabilities-Employment
- [ ] 446 American with Disabilities-Other
- [ ] 448 Education

**PRISONER PETITIONS**

**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus/Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Ret. Inc. Security Act

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405 (g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405 (g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: CV14-03027

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| **Question A: Was this case removed from state court?** ☐ Yes ☒ No | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| If "no, " go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| **Question B: Is the United States, or one of its agencies or employees, a party to this action?** ☒ Yes ☐ No | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF? Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT? Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| If "no, " go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☒ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| **Question C: Location of plaintiffs, defendants, and claims?** (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |

**C.1. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column D

☒ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the WESTERN DIVISION.
Enter "Western" in response to Question D below.

| **Question D: Initial Division?** | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | WESTERN |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court** and dismissed, remanded or closed? [X] NO [ ] YES

If yes, list case number(s):

**IX(b). RELATED CASES**: Have any cases been previously filed i**n this court** that are related to the present case? [X] NO [ ] YES

If yes, list case number(s):

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)

[ ] A. Arise from the same or closely related transactions, happenings, or events; or

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** DATE: APRIL 15, 2014

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |